IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CATALINA LONDON LIMITED
F/K/A ALEA LONDON LIMITED                                                              PLAINTIFFS

VS.                                            CASE NO. 11-CV-4091

JEANNE ESTATES APARTMENTS, INC.,
*et al.*                                                                                DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is an Amended Motion for Summary Judgment (ECF No. 103) filed on behalf of Plaintiff Catalina London Limited f/k/a Alea London Limited ("Catalina"). Defendants Cherry Hill Printing Company, Inc. and Jeanne Estates Apartments, Inc. have filed a response.[1] (ECF No. 108). Catalina has filed a reply. (ECF No. 110). The Court finds this matter ripe for consideration.

BACKGROUND

The Third Amended Complaint (ECF No. 100) and the present Motion for Summary Judgment seek a declaration from the Court regarding Catalina's contractual obligations to defend and indemnify Cherry Hill Printing, Steve Johnson, Steve Johnson d/b/a Cherry Hill Printing, and Jeanne Estates in cases before this Court and Arkansas state courts. The underlying cases referenced in the Third Amended Complaint are: *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, et al.*, Case No. 4:10-cv-4124; *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church Inc., et al.*, No. 46CV-14-8-2, Circuit Court of Miller

---

[1] Defendant-Insureds Steve Johnson and Steve Johnson d/b/a Cherry Hill Printing, Inc. have not filed a response to the motion. Defendant-Claimants Desiree Kolbek, Amy Eddy, Jeanette Orlando, Nicole Farr, Summer Hagan, Jamie Rodriguez, Pebbles Rodriguez, Spencer Ondrisek, Seth Calagna, and Christhiaon Coie have not filed a response to the motion.

1

County, Arkansas; *Ondrisek, et al. v. Hoffman*, Case No. 4:08-cv-4113; and *Coie v. Alamo, et al.*, No. CV-2009-1854(V), Circuit Court of Sebastian County, Arkansas. The Court will summarize the underlying cases in turn.

    **A. The *Kolbek* suits**

In August 2010, Desiree Kolbek, Amy Eddy, Jeannette Orlando, Nicole Farr, Summer Hagan, Jamie Rodriguez, and Pebbles Rodriguez filed suit in this Court against a number of defendants, including Cherry Hill Printing and Jeanne Estates. The *Kolbek* plaintiffs were former members of Tony Alamo Christian Ministries ("TACM"). TACM is an organization of churches and businesses that are operated by individual members of TACM and Tony Alamo. Defendants in the *Kolbek* suit and the present declaratory judgment action are current or former members of TACM or businesses that have close ties with TACM. The *Kolbek* plaintiffs alleged that, when they were members of TACM, they were forced to become "spiritual wives" of Tony Alamo; they were moved into his home when they were minors; and they were subjected to frequent sexual, physical, and psychological abuse. This abuse allegedly took place on TACM property and was facilitated by TACM members and TACM businesses. Specifically, the Kolbek plaintiffs allege that the TACM businesses allowed Tony Alamo access to the young girls; endorsed or facilitated the "spiritual weddings" with the girls; failed to protect the girls from sexual abuse and beatings; and failed to keep the locations they managed in a reasonably safe condition. The *Kolbek* Complaint asserted claims of negligence, negligent entrustment, negligent hiring, supervision and retention, false imprisonment, invasion of privacy, defamation, joint-venture liability, outrage, transporter liability under 18 U.S.C. § 2255, and trafficking liability under 18 U.S.C. § 1595.

In 2013, through mediation, certain *Kolbek* parties entered into a Confidential Settlement Agreement. The settlement resulted in the voluntary dismissal of claims against many of the defendants in the *Kolbek* suit, including Steve Johnson and Cherry Hill Printing. Thereafter, the Court dismissed with prejudice all federal law claims against the remaining defendants in the *Kolbek* suit (Case No. 4:10-cv-4124, ECF No. 716) and dismissed without prejudice all state law claims asserted by the *Kolbek* plaintiffs. (*Id.*, ECF No. 722).[2] After the dismissal of their federal suit, the *Kolbek* plaintiffs re-filed their claims in the Miller County Circuit Court on January 14, 2014, *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, Case No. 46CV-14-8-2. (ECF No. 100, Exh. 2). When the case was re-filed, the defendants were limited to Tony Alamo, Jeanne Estates Apartments, Inc., and Twenty First Century Holiness Tabernacle Church. The allegations in the state suit mirror the allegations made in the dismissed federal suit, and the *Kolbek* plaintiffs make the same claims for negligence, negligent entrustment, negligent hiring, supervision and retention, false imprisonment, invasion of privacy, defamation, joint-venture liability, and outrage.

In light of the *Kolbek* settlement and the exclusion of Cherry Hill Printing and Steve Johnson as defendants in the newly filed *Kolbek* state suit, Catalina states that it is no longer pursuing a declaratory judgment against Cherry Hill Printing or Steve Johnson as to the *Kolbek* plaintiffs' claims. Catalina continues to seek a declaration from the Court that they owe no coverage to Jeanne Estates for any of the alleged misconduct that forms the basis of the claims in the *Kolbek* suit and that they have no duty to provide a defense.

---

[2] The Court's order dismissing the state claims was appealed by certain defendants and later affirmed by the Eighth Circuit Court of Appeals. (Case No. 4:10-cv-4124, ECF No. 737).

### B. The *Ondrisek* suit

In November 2008, Spencer Ondrisek and Seth Calagna filed suit in this Court against Tony Alamo and John Kolbek.[3] Ondrisek and Calagna alleged that they were repeatedly beaten by and/or at the direction of Tony Alamo and John Kolbek over a period of several years. Ondrisek and Calagna sought damages for battery, false imprisonment, tort of outrage, and conspiracy as a result of those beatings. In October 2009, Ondrisek and Calagna obtained a default judgment against John Kolbek for $1 million in compensatory damages and $2 million in punitive damages. In June 2011, Ondrisek and Calagna obtained a judgment against Tony Alamo for battery, outrage, and conspiracy and were awarded $6 million in compensatory damages and $60 million in punitive damages. In October 2012, the Eighth Circuit reversed the award of $60 million in punitive damages and remanded the case to the district court for entry of a verdict imposing $24 million in punitive damages. The Eighth Circuit otherwise upheld the June 2011 judgment.

The *Ondrisek* suit did not include any claims against Jeanne Estates, Cherry Hill Printing, Steve Johnson, or Steve Johnson d/b/a Cherry Hill Printing. However, Catalina seeks a declaration of no coverage in anticipation of the possibility that Ondrisek and Calagna may seek to hold these Defendants liable for the judgments in the *Ondrisek* suit. Based on their arguments in opposition to the Motion for Summary Judgment, it appears that Cherry Hill Printing and Jeanne Estates have taken the position that Catalina owes them coverage for the *Ondrisek* claims.

### C. The *Coie* suit

The *Coie* Suit is a lawsuit filed in Circuit Court of Sebastian County, Arkansas, Fort Smith District, Civil Division, on November 12, 2009, *Coie v. Alamo, et al.*, Case No. CV 2009-

---

[3] The case in its original iteration was against both Tony Alamo and John Kolbek, Case No. 4:08-cv-4113. John Kolbek was later severed from the case, and the claims against him proceeded under a new case number, 4:09-cv-4100.

4

1854(V). Christhiaon Coie is the sole plaintiff in the suit. Coie seeks declaratory judgment to establish her rights to execute a $100,000 judgment against Tony Alamo by forcing the sale of certain real estate allegedly held by Jeanne Estates, Cherry Hill Printing, Steve Johnson, and others who are not Catalina insureds and/or not parties to the present declaratory judgment action. The judgment that Coie seeks to execute was entered against Tony Alamo on September 14, 1995 after a trial in which Alamo was found liable to Coie for the tort of outrage. Specifically, the trial judge ruled that Coie was entitled to damages because Alamo removed her mother's remains and refused to tell her the subsequent location of her mother's remains. Catalina seeks a declaration from the Court that they owe no coverage to Jeanne Estates, Cherry Hill Printing, or Steve Johnson for any of the alleged misconduct that forms the basis of the claims in the *Coie* suit and that they have no duty to provide a defense to these Defendants.

## DISCUSSION

The standard of review for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of…whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

As an initial matter, the Arkansas Supreme Court has recognized that the duty to defend is broader than the duty to indemnify. *Murphy Oil USA, Inc. v. Unigard Security Ins. Co.*, 61 S.W.3d 807, 812 (Ark. 2001). In other words, where there is no duty to defend, there is generally no duty to indemnify. *See id*. Therefore, if the Court finds that Catalina has no duty to defend under the policies, then it also has no duty to indemnify.

As a general rule, an insurer's duty to defend is determined by the allegations in the pleadings against the insured. *Id*. "[T]he duty to defend arises when there is a possibility that the injury or damage may fall within the policy coverage." *Id*. at 813. However, "where there is no possibility that the damage alleged in the complaint may fall within the policy coverage, there would be no duty to defend." *Id*. The Court will separately address Catalina's duty to defend in the *Coie*, *Ondirsek*, and *Kolbek* suits.

**A. The *Coie* Suit**

Beginning in 2002, Catalina issued a number of liability insurance policies to Jeanne Estates, Cherry Hill Printing, and Steve Johnson d/b/a Cherry Hill Printing. The policies provide that the insurance applies only when an occurrence takes place during the policy period. (ECF

No. 103, Exh. 1, at SJI000078; Exh. 5, at JEA000032). The judgment that Christhiaon Coie seeks to execute was entered against Tony Alamo on September 14, 1995. Accordingly, the Catalina polices were issued *after* Coie's judgment, and the allegations against the Defendant-Insureds occurred prior to the inception of coverage. Because the policies were not in effect at the time of the judgment, no genuine issue of material fact exists as to coverage for the *Coie* claims, and summary judgment is appropriate. *See Kolbek v. Truck Ins. Exch.*, 2014 Ark. 108, 6, 431 S.W.3d 900, 906 (Ark. 2014).[4]

### B. The *Ondrisek* Suit

Catalina argues that it has no duty to defend or indemnify claims arising from the *Ondrisek* suit because Jeanne Estates, Cherry Hill Printing, and Steve Johnson were not named as defendants in that case. Moreover, Catalina points out that the *Ondrisek* plaintiffs did not allege that any of the actions that caused harm to the plaintiffs were carried out on Jeanne Estate's property or Cherry Hill Printing's property. As to the named defendants in the *Ondrisek* suit—Tony Alamo and John Kolbek—Catalina argues that they do not qualify as insureds under Jeanne Estates or Cherry Hill Printing's policies. If Alamo and John Kolbek are not insureds, the policies would provide no coverage for their actions in the *Ondrisek* suit.

Defendants do not appear to dispute that, because they are not named defendants in the *Ondrisek* suit, their liability would have to stem from the acts of the named defendants, Tony Alamo and John Kolbek. The policies issued to Jeanne Estates and Cherry Hill Printing define insureds as follows:

---

[4] While Defendants state very generally that coverage exists for the *Coie* claims, they have not responded to Catalina's arguments regarding the date of the *Coie* judgment and the inception dates of the policies. Accordingly, in addition to the reasons stated above, Catalina is entitled to summary judgment on the *Coie* claims because Defendants have waived this argument. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

> 1. If you are designated in the Declarations as:
>
> ....
>
> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "Executive Officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>
> 2. Each of the following is also an insured:
>
> a. Your "employees" other than either your "Executive Officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

The Arkansas Supreme Court, construing an identical definition of insured under another insurer's policy in a related case, has already held that Tony Alamo "was not acting as an officer or director for [Jeanne Estates], nor with respect to any liability as a stockholder of [Jeanne Estates], nor as an employee performing duties related to the conduct of the business of [Jeanne Estates] when he caused harm to the *Ondrisek* plaintiffs. Therefore, Tony Alamo was not an insured party under [Jeanne Estates'] insurance policy." *Kolbek v. Truck Ins. Exch.*, 2014 Ark. 108, 7, 431 S.W.3d 900, 906 (Ark. 2014).[5] This same reasoning would extend to the actions taken by John Kolbek in *Ondrisek*. There is no indication that he was acting as an officer, director, or employee of Jeanne Estates. Furthermore, the Supreme Court found that the *Ondrisek* complaint "did not contain any specific allegation that any of the actions that caused harm to the plaintiffs were carried out on [Jeanne Estates] property." *Id*.

---

[5] Alternatively, the Arkansas Supreme Court held that, even if Alamo was an insured under the Jeanne Estates policy, the policy coverage was not applicable to the actions that Alamo was accused of in the *Ondrisek* complaint because all of the allegations were comprised of intentional tortious acts. *Kolbek*, 431 S.W.3d at 906-07. Jeanne Estates' policy specifically excluded coverage for "'body injury' or 'property damage' expected or intended from the standpoint of the insured." *Id*. The same exclusion is included in the Jeanne Estates and Cherry Hill Printing policies at issue in this case and would preclude coverage.

The Arkansas Supreme Court's analysis also applies to Cherry Hill Printing in this case. There is no indication that either Tony Alamo or John Kolbek were acting as officers, directors, employees, or stockholders of Cherry Hill Printing when they caused harm to the *Ondrisek* plaintiffs, and there is no allegation that the harmful actions were carried out on Cherry Hill Printing's property. Accordingly, the Court finds that no genuine issue of material fact exists as to coverage for the claims against Tony Alamo and John Kolbek in the *Ondrisek* battery suit. Summary judgment in favor of Catalina is, therefore, warranted.[6]

### C. The *Kolbek* Suit

Catalina states that it is no longer pursuing a declaratory judgment against Cherry Hill Printing or Steve Johnson as to the *Kolbek* plaintiffs' claims. Therefore, Jeanne Estates is the only Defendant at issue. Catalina argues that it has no duty to defend or indemnify claims arising from the currently pending *Kolbek* state action because Jeanne Estates' policies do not provide coverage for the behavior alleged in the suit.

Catalina argues that it has no duty to defend or indemnify Jeanne Estates because (1) the conduct alleged in *Kolbek* is not covered due to the classification limitation in all of the policies; and (2) various exclusions in all of the policies, such as the expected/intended injury exclusion and the joint venture exclusion, bar coverage.

*a. The classification limitation*

The policies issued to Jeanne Estates are commercial policies. The business description on the policies states that Jeanne Estates is a apartment rental property organization. (ECF No.

---

[6] While Defendants state very generally state that coverage exists for the *Ondrisek* claims, they have not responded to Catalina's arguments regarding the omission of Defendants in the *Ondrisek* suit and they have not responded to the arguments regarding Tony Alamo and John Kolbek's uninsured status.

103, Exhs. 5-6). Each of the Catalina policies state that coverage is limited to liability arising out of the operations, or premises and operations, spelled out in the declarations page of the policy:

> This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury" or medical payments arising out of those operations or premises which are not classified or shown on the Commercial General Liability Coverage Part Declarations, its endorsement or supplements.

(ECF No. 103, Exh. 5, at JEA000026). Under this classification limitation, each policy covers only the type of business and business locations identified to Catalina by Jeanne Estates and listed on the page of each policy titled "Commercial General Liability Coverage Part Declarations." Catalina required Jeanne Estates to provide a description of the type of operations being insured and the location of all premises owned, rented, or occupied by Jeanne Estates. The insurance policies issued to Jeanne Estates were limited to "dwellings – two-family (lessor's risk only)" and "dwellings – four- family (lessor's risk only)." (ECF No. 103, Exh. 5, at JEA00014; Exh. 6, at JEA00005). Jeanne Estates told Catalina the only two premises it "own[ed], rent[ed], or occup[ied]" were "620 Belt" and "400 S. 7th" in Moffett, Oklahoma. *Id*.

In *Kolbek v. Truck Ins. Exch.*, 2014 Ark. 108, 431 S.W.3d 900 (Ark. 2014), the Arkansas Supreme Court construed a policy limitation that is very similar to the provisions above. The policy in that case provided that "the insurance applies only to 'bodily injury,' 'property damage,' 'personal injury,' 'advertising injury,' and medical expenses arising out of the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises." *Id*. at 908. The Court held that "[n]one of the allegations in the *Kolbek* complaint were connected to the ownership, maintenance, and use of [Jeanne Estates'] premises, nor were they connected to the necessary or incidental operations of [Jeanne Estates]." *Id*. The Court went on to note that "the injuries and damages in the *Kolbek* case truly all stem

from the abuse suffered by the [*Kolbek* plaintiffs]. No court could help but be sympathetic to those individuals and the injuries they suffered. However, the apartment-liability contract issued by TIE/FIE simply does not exist to provide an insured coverage for this type of alleged harm." *Id*. at 910.

In this case, the Catalina policies specifically state that they provide coverage only for Jeanne Estates' apartment operations and premises listed in the policies. In accordance with the Arkansas Supreme Court's interpretation of similar provisions, the Court finds that the *Kolbek* allegations do not arise out of Jeanne Estates' rental operations in general or the operations of the premises listed in the policies.  Accordingly, the policies do not provide coverage for the *Kolbek* plaintiffs' claims.[7]

### b. *Exclusions*

Because the Court has found that the policies do not provide coverage for the types of allegations found in the *Kolbek* state action, the Court finds it unnecessary to address Catalina's various policy exclusion arguments. However, the Court notes that the Arkansas Supreme Court briefly addressed policy exclusion arguments in *Kolbek v. Truck Ins. Exch* and found that exclusions [8] similar to those in the Catalina policies would "apply to a majority of the allegations" in the *Kolbek* suit.  *Id*. at 910.

---

[7] Catalina made the same classification limitation arguments as to the *Coie* and *Ondrisek* suits.  While the Court found that there was no coverage on other grounds, the classification limitation in the policies would also preclude coverage for the *Ondrisek* and *Coie* suits.  None of the allegations in the *Coie* or *Ondrisek* complaints took place on the Cherry Hill Printing or Jeanne Estates premises, nor were the allegations connected to the ownership or operations of Cherry Hill Printing or Jeanne Estates.

[8] The applicable exclusions raised by Catalina and mentioned in *Kolbek v. Truck Ins. Exch.*  include the "expected or intended injury" exclusion ("'bodily injury' or 'property damage' expected or intended from the standpoint of the insured") and the exclusion of joint ventures as insureds ("No person or organization is insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations."). (ECF No. 103, Exh. 1, 5-6).

11

## CONCLUSION

For the reasons stated above, the Court finds that Catalina's Amended Motion for Summary Judgment (ECF No. 103) should be and hereby is **GRANTED**. A judgment of even date consistent with this opinion shall issue.

**IT IS SO ORDERED**, this 31st day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
